No. 78,964

In the Matter of DAVID W. STEPHENS, *Respondent.*

(946 P.2d 1379)

Opinion filed October 31, 1997.

*Marty M. Snyder,* deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Randall D. Grisell,* of Doering, Grisell & McFarland, P.A., of Garden City, argued the cause for respondent, and *David W. Stephens,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent David W. Stephens, an attorney admitted to the practice of law in the state of Kansas, whose business address is in Garden City.

Respondent did not file exceptions to the facts, which are deemed to be admitted pursuant to Rule 212(c) and (d) (1996 Kan. Ct. R. Annot. 217), and are as follows:

"2. In Case No. B6058, Respondent was retained by Diedre Garnand, in March 1991, to terminate pension funds for proper distribution. Respondent began preparing the documents for filing with the IRS and in May 1991 he wrote Ms. Garnand asking her for more information. In August, Ms. Garnand sold her stock in the business, not having supplied Respondent with the requested information. In November 1991 the purchaser of her stock contacted Respondent. Respondent did no work on the matter until January 1992 when he again wrote Ms. Garnand again for a) information, b) affirmation of his employment and c) permission to consult with an expert in tax law. Respondent billed Ms. Garnand for work in 1992 and 1993, but his file doesn't contain any IRS documentation from that time period. Ms. Garnand fired Respondent in January 1994 and complained to the Disciplinary Administrator. Respondent did not respond to the Disciplinary Administrator inquiries until seven (7) months after he was contacted.

"3. In Case A6264, Respondent was hired in June 1992 to prepare an estate plan for Mrs. Leota Douglas. By September 1994, Respondent had completed most of the necessary documentation. Respondent however did not provide the final tax returns or the K-1 forms in a timely manner. Mildred Moore who was a co-trustee and beneficiary of the estate, filed a complaint with the Disciplinary Administrator in May 1995. Between May and August 1995, Respondent did not

reply to inquiries from the disciplinary investigator. Finally, Respondent completed the required tax forms and provided directions for their filing, although he did not check that the filing was actually accomplished.

"4. In Case A6313, Respondent was hired by Dr. Gorsky to document and administer a pension plan for his dental office. Respondent was fired in June 1995 after failing to keep current documentation on the plan and failing to provide requested transfer information to a former employee. Respondent did not provide the requested information to Dr. Gorsky's new attorney and to a former employee until after the Disciplinary Administrator became involved.

"5. Respondent testified that he has suffered from alcoholism for the past 15 years, but he did not notice it interfering with his practice until 1994-95. He began treatment for his disease in 1995 and presently continues treatment. In his Answer, Respondent admits violating MRPC 1.1, [1996 Kan. Ct. R. Annot. 257], 1.3 [1996 Kan. Ct. R. Annot. 264], 1.4 [1996 Kan. Ct. R. Annot. 270], 1.15 [1996 Kan. Ct. R. Annot. 302], 1.16 [1996 Kan. Ct. R. Annot. 310], [and] 8.4(a) and (g) [1996 Kan. Ct. R. Annot. 350], and Supreme Court Rule 207 [1996 Kan. Ct. R. Annot. 205] in Case Nos. B6058 and A6264. He also admits violating 1.3, 1.15, 1.16, and 8.4 in Case No. A6313. In mitigation of the recommended discipline, Respondent . . . proposes a probation plan . . . ."

Based on the findings of fact, the hearing panel reached the following conclusions of law:

### "CONCLUSIONS OF LAW

"Respondent's conduct violates the [Model] Rules of Professional Conduct (MRPC) Sections 1.1, 1.3, 1.4, 1.15, 1.16, [and] 8.4(a) and (g), and Supreme Court Rule 207. The Panel finds by clear and convincing evidence that Respondent violated MRPC 1.1 by failing to thoroughly prepare the necessary tax returns for the estate and beneficiaries of Mrs. Douglas in Case No. B6058 and the pension plan documents and information for Dr. Gorsky and his employees in Case A6264.

"Clear and convincing evidence exists in the record to support the Panel's finding that Respondent violated MRPC 1.3 in all three complaints through his lack of diligence and his neglect of the needs and reasonable requests of his clients for information and documentation. Part of this neglect involved his failure to communicate with his clients and other counsel in a timely manner when they requested information in Case Nos. B6058 and A6264, in violation of MRPC 1.4.

"The Panel finds by clear and convincing evidence that Respondent violated MRPC 1.15(d)(2)(iv) in all three complaints by not providing documents from his files at the reasonable request of his clients or their new counsel.

"MRPC 1.16 requires an attorney to withdraw from a case when his or her mental or physical condition is materially impaired. Clear and convincing evidence in the record shows that Respondent violated this rule when he did not withdraw his representation from these cases despite his alcoholism.

"The panel also finds by clear and convincing evidence that Respondent violated MRPC 8.4(a) and (g) in that his conduct while suffering from alcoholism adversely reflected on his fitness to practice. Finally, Respondent's failure to communicate and cooperate with the disciplinary investigator is clear and convincing evidence that Respondent violated Supreme Court Rule 207."

In considering aggravating factors, the hearing panel found Respondent had been suspended from the practice of law in September 1996 after failing to complete the required continuing legal education hours in a timely manner; the three counts showed a pattern of multiple offenses in 1994 and 1995 when his alcoholism most impaired his practice; he failed to communicate with the disciplinary investigator or provide requested information, including access to his files; and he was a 1977 graduate and admittee to practice with sufficient experience so that he should have been attentive to his duties to his clients.

In considering matters of mitigation, the hearing panel found Respondent recognizes he suffers from alcoholism, depression, and personality disorders and is continuing treatment for these illnesses; he has admitted his transgressions and continues his treatment for his diseases to prevent recurrence of ethical violations; and he has provided statements from his colleagues as to his good character and ethical practice and is very remorseful about neglecting his clients' cases.

After reviewing all these factors, the hearing panel recommended:

"1. That Respondent shall be suspended from the practice of law for two (2) years.

"2. That imposition of said discipline be suspended on the following conditions:

a. Respondent's practice of law shall be monitored and supervised by an attorney acceptable to the Disciplinary Administrator, which attorney will report the Disciplinary Administrator on a quarterly basis regarding Respondent's management of cases and legal matters entrusted to him.

b. Respondent shall attend two (2) Alcoholics Anonymous meetings every week, and provide proof of attendance to his Supervising Attorney who shall forward it to the Disciplinary Administrator. Respondent shall abstain from using alcohol and shall continue treatment for his alcoholism as recommended by Norton Valley Hope Alcohol and Drug Treatment Center. Respondent shall continue his mental health counseling and treatment as recommended by Dr. Daniel Montgomery, Hertzler Clinic.

c. Respondent shall carry errors and omissions insurance in an amount not less than $1 million, with a deductible of not more that $10,000. A certificate evidencing this coverage shall be maintained on file at the Disciplinary Administrator's office and the insurance shall require that the Disciplinary Administrator and the Supervising Attorney be notified of any change or cancellation of this coverage.

d. Respondent shall not violate any of the MRPC during the term of probation.

"Any violation of the foregoing conditions should cause his immediate indefinite suspension.

"Costs should be assessed against Respondent in an amount to be certified by the Disciplinary Administrator."

We have reviewed the record and conclude the factual findings and conclusions of law of the panel are supported by clear and convincing evidence. We are in substantial agreement with the recommendation of the hearing panel.

IT IS THEREFORE ORDERED that imposition of discipline against David W. Stephens be suspended and he be placed on probation for a period of 2 years from the date of this order.

IT IS FURTHER ORDERED:

(1) During the probation period, respondent's practice of law is to be supervised by attorney Michael Collins, who will report to the Disciplinary Administrator on a quarterly basis concerning respondent's management of cases and legal matters entrusted to him. Any material deviation from proper practice or a known violation of the conditions of probation shall be immediately reported to the Disciplinary Administrator.

(2) Mr. Collins shall be acting as an officer of the court as supervisor of probation in monitoring the legal practice of the respondent.

(3) Mr. Collins shall be afforded all immunities granted by Supreme Court Rule 223 (1996 Kan. Ct. R. Annot. 242) during the course of his activities as directed by this order. The respondent will allow Mr. Collins access to his files, his employees, his trust account, and his doctors.

(4) Mr. Collins shall monitor the following: (a) the status of each case on the respondent's case list; (b) the respondent's docketing

system; (c) the respondent's management of discovery; (d) the respondent's responses to clients' requests for information; (e) the respondent's trust account; and (f) the views of the local judges as to their evaluation of the respondent's performance.

(5) Respondent shall abstain from any alcohol and continue treatment recommended by the Norton Valley Hope Alcohol and Drug Treatment Center. Respondent shall continue attendance at two Alcoholic Anonymous meetings each week and provide proof of attendance to his supervising attorney for forwarding to the Disciplinary Administrator at the time of his quarterly reports. Respondent shall continue his mental health counseling and treatment as recommended by Dr. Daniel Montgomery of the Hertzler Clinic.

(6) Respondent shall use his best efforts to obtain errors and omissions insurance in an amount not less than $1 million, with a deductible of not more that $10,000. A certificate evidencing this coverage shall be maintained on file at the Disciplinary Administrator's office, and the insurance shall require that the Disciplinary Administrator and the supervising attorney be notified of any change or cancellation of this coverage.

(7) Respondent shall not violate any of the Model Rules of Professional Conduct during such term of his probation and thereafter.

IT IS FURTHER ORDERED that, in the event Respondent fails to abide by the conditions set out herein, a show cause order shall issue to Respondent, and this court shall take whatever disciplinary actions it deems just and proper, including disbarment, without further formal proceedings.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to Respondent.