No. 78,964

In the Matter of DAVID W. STEPHENS, *Respondent.*

(954 P.2d 1100)

*Marty M. Snyder,* deputy disciplinary administrator, argued the cause and was on the motion for order to appear and show cause for the petitioner.

*Randall D. Grisell,* of Doering, Grisell & McFarland, P.A., of Garden City, appeared for the respondent, and *David W. Stephens,* respondent, argued the cause pro se.

On October 31, 1997, this court ordered that imposition of discipline against respondent David W. Stephens be suspended, and he was placed on supervised probation for 2 years, subject to certain conditions. *In re Stephens,* 263 Kan. 221, 946 P.2d 1379 (1997).

On December 30, 1997, this court issued an order to respondent to appear and show cause why his supervised probation should not be revoked and appropriate discipline be imposed by the court.

It is clear that respondent has failed to abide by the conditions of his probation. Respondent's original disciplinary problems arose out of his abuse of alcohol. Although there is no evidence to indicate that respondent is not abstaining from the consumption of alcohol, as required by the terms of his probation, his conduct continues to be unacceptable. He has failed to keep appointments to meet with his supervising attorney. He has failed to provide proof that he is attending AA meetings every week or that he is continuing his counseling and treatment. Further, the Disciplinary Administrator's office has received several complaints against respondent as set out in the Deputy Disciplinary Administrator's motion for order to appear and show cause filed December 29, 1997.

After due consideration of the arguments of the Deputy Disciplinary Administrator and the response by respondent, it is the judgment of a majority of this court that a 1-year suspension from the practice of law is the appropriate discipline to be imposed in this case. A minority of the court would impose indefinite suspension.

It Is Therefore Ordered that respondent David W. Stephens be and he is hereby suspended for 1 year from the practice of law in Kansas, effective October 31, 1997, the date this court imposed supervised probation.

It is Further Ordered that this order shall be published in the Kansas Reports, that the costs herein shall be assessed to respondent, and that respondent shall forthwith comply with the provisions of Supreme Court Rule 218 (1997 Kan. Ct. R. Annot. 235).